UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHERINE LAINE,

                      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.

07 Civ. 1251 (RO)

## ORDER

OWEN, District Judge:

      Plaintiff Catherine Laine ("Plaintiff" or "Laine") brings this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") finding that Plaintiff was not entitled, under the Social Security Act (the "Act"), to disability insurance benefits. For the reasons that follow, this Court concurs with the Report and Recommendation of Magistrate Judge Lisa Margaret Smith (the "Report"). Accordingly, the Commissioner's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is hereby granted, and Plaintiff's cross-motion is hereby denied.

## BACKGROUND

      The factual and procedural background of this action is provided at length in the Report and will not be repeated in detail here. Plaintiff applied for disability insurance benefits in May, 2004, alleging that she had been unable to work because of a disabling condition from December 6, 2002. After her application for benefits was denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which took place on March 8, 2006.

The ALJ issued a decision on March 24, 2006, finding that Plaintiff was not entitled to disability insurance benefits because she was not disabled within the meaning of the Act. Plaintiff requested a review of the ALJ's decision with the Appeals Council. The request was denied, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff filed this action on February 20, 2007, alleging that the ALJ erred in denying disability benefits. [dkt. no. 1.] The Commissioner filed an Answer on August 29, 2007 [dkt. no. 7.] and thereafter filed a motion for judgment on the pleadings on March 4, 2008. [dk. Nos. 10-11.] Plaintiff then cross-moved for judgment on the pleadings on April 16, 2008 on the grounds that the Commissioner: 1) failed to give proper weight to Plaintiff's treating physicians; 2) failed to properly consider Plaintiff's symptoms; 3) failed to properly consider the Listing of Impairments in Appendix 1, Subpart P of 20 C.F.R. § 404; and 4) failed to properly consider the definition of light work. [dkt. no. 14.] Judge Smith filed a Report and Recommendation in which she recommended granting the Commissioner's motion and denying Plaintiff's cross-motion. [dkt. no. 16.] Plaintiff filed objections to the Report, and the Commissioner filed an opposition to Plaintiff's objections. [dkt. nos. 17, 20.]

## DISCUSSION

### A. Standard of Review

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." See *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

The Social Security Act defines the term "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person will be found disabled only if it is determined that his "impairments are of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Any individual may appeal from a final decision of the Commissioner of Social Security to a United States District Court. 42 U.S.C. § 405(g). A reviewing court limits its inquiry to a review of the administrative record to determine whether there is substantial evidence supporting the Commissioner's decision and whether the correct legal standard was applied. *See Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir. 2002); *see* 42 U.S.C. § 405(g). Accordingly, it is not the role of reviewing courts to make *de novo* decisions on disability determinations nor to substitute its own judgment, but rather to consider the record as a whole in assessing whether the Commissioner's conclusion is supported by enough "relevant evidence as a reasonable mind might accept as adequate" to support that conclusion. *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). As such, an ALJ's decision will be set aside "only where it is based upon legal error or is not supported by substantial evidence." *Balsamo v. Chater,* 142 F.3d 75, 79 (2d Cir.1998). Substantial evidence is more than a mere scintilla; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir.1996). The reviewing court's role in reviewing the Commissioner's disability decision is "quite limited and substantial deference" should be given to the decision. *Hernandez v. Barnhart*, 2007 WL 2710388, at *7 (S.D.N.Y. 2007). Upon review, a court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Butts v. Barnhart,* 388 F.3d 19 377, 384 (2d Cir.2004).

In evaluating a disability claim, regulations issued pursuant to the Act set forth a five-step

process that the Commissioner must follow. *See* 20 C.F.R. § 404.1520(a)(4). First, the Commissioner will consider whether the claimant is engaged in "substantial gainful activity." *Id.* at § 404.1520(a)(4)(i),(b). If the claimant is so engaged, then the Commissioner will find that the claimant is not disabled. *Id.* Second, the Commissioner considers the medical severity of the claimant's impairments. *Id.* at § 404.1520(a)(4)(ii). The claimant's impairment will not be deemed severe "[i]f [he or she] do[es] not have any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities." *Id.* at § 404.1520(c). Third, if it is found that the claimant's impairments are severe, the Commissioner will determine if the claimant has an impairment that meets or equals one of the impairments presumed severe enough to render one disabled, listed in Appendix 1 to Part 404, Subpart P of the Social Security Regulations. *See id.* at § 404.1520(a)(4)(iii),(d). If the claimant's impairments are not on the list, the Commissioner considers all the relevant medical and other evidence and decides the claimant's residual functional capacity. *See id.* at § 404.1520(e). Then, the Commissioner proceeds to the fourth step to determine whether the claimant can do his or her past relevant work. *See id.* at § 404.1520(a)(4)(iv),(e)-(f). Finally, if it is found that the claimant cannot do his or her past relevant work, the Commissioner will consider the claimant's residual functional capacity, age, education, and work experience to see if he or she can make an adjustment to other work. *See id.* at § 404.1520(a)(4)(v),(g).

The claimant bears the burden of proof on the first four steps of this analysis. *DeChirico v. Callahan,* 134 F.3d 1177, 1180 (2d Cir. 1998). If the ALJ concludes at an early step of the analysis that the claimant is not disabled, he or she need not proceed with the remaining steps. *Williams v. Apfel,* 204 F.3d 48, 49 (2d Cir. 2000). If the fifth step is

necessary, the burden shifts to the Commissioner to show that the claimant is capable of other work. *DeChirico,* 134 F.3d at 1180 (citation omitted).

### B. Disability Determination

As explained thoroughly in the Report, Magistrate Judge Smith found that the ALJ appropriately applied the five-step process that the Commissioner must follow, under 20 C.F.R. § 404.1520(a)(4), in evaluating a disability claim. First, the ALJ determined that Plaintiff had not engaged in "disqualifying substantial gainful activity since the alleged onset of disability." Next, under 20 C.F.R. § 404.1520(a)(4)(ii), the found that the medical evidence showed that Plaintiff suffered from "severe" impairments, which could significantly limit the ability to do basic work activities.

In the third step, the ALJ determined that the Plaintiff did not have an impairment that met or equaled one of the impairments from Appendix 1 to Subpart P of Part 404 of the Social Security Regulations. Because the Plaintiffs impairments are not on that list, the ALJ then made determinations regarding Plaintiff's residual functional capacity and ability to lift and carry objects of certain weights, and various other limitations. Fourth, the ALJ found that Plaintiff was unable to return to her past relevant work but that she had the residual functional capacity to perform "a significant range of light work." Fifth, the ALJ used the medical vocational guidelines taking into account Plaintiff's residual capacity, age, education, and work experience, and found that there were a significant number of jobs in the national economy that Plaintiff could perform. The ALJ determined that accordingly, Plaintiff was not under a disability and was not entitled to a period of disability or disability insurance benefits under the Social Security Act.

*1. Medical Opinion Evidence*

A treating physician's opinion will be given controlling weight with regard to the nature and severity of a claimant's impairments if the opinion is, per 20 C.F.R. § 404.1527(d)(2), well-supported by medically acceptable techniques and not inconsistent with the other substantial evidence in the record. Various factors provided in 20 C.F.R. § 404.1527(d) are applied in the event a treating physician's opinion is not given controlling weight.

The Report finds that the ALJ appropriately credited the opinions of treating physicians Drs. Semble and Polifrone. The ALJ's findings that Plaintiff was unable to perform her past relevant work was not inconsistent with Dr. Semble's findings that Plaintiff was disabled from performing her work related activities, as demonstrated by the ALJ crediting Dr. Semble's findings in his decision. With regard to Dr. Polifrone, from whom Plaintiff sought treatment on a consistent basis after being injured in December, 2002, Dr. Polifrone noted complaints of pain by Plaintiff and accordingly prescribed treatment, and recommended surgery. Dr. Polifrone did not, however, provide an opinion on Plaintiff's functional capacity. There is no evidence to suggest that the ALJ discredited Dr. Polifrone's findings.

Plaintiff objects that the ALJ did not mention various of Plaintiff's treating physicians during time periods during which Plaintiff was treated. The ALJ's findings did consider, and specifically mention, the treatments and findings of Drs. Nieves, Semble, Polifrone, and Brief. The ALJ is not required by the regulations to reconcile conflicting medical testimony, but is required to fully assess the record and provide findings that are supported by substantial evidence in the record. Furthermore, as the Report notes, even in the event that Plaintiff's treating physicians had found that Plaintiff was totally disabled from performing any type of work, such finding is a decision reserved to the Commissioner and the ALJ was under no obligation to reach

that same ultimate conclusion. Nevertheless, the Plaintiff's treating physicians did not come to such a conclusion.

### 2. Assessment of Plaintiff's Credibility

The ALJ carefully assessed Plaintiff's subjective complaints of pain and physical limitations and provided considerable detail as to why he believed they were not entitled to great weight. The findings of the ALJ in this regard are supported by substantive evidence in the record. Credibility findings made by an ALJ are entitled to deference by a reviewing court. *See Tejada v. Apfel*, 167 F.3d 770, 775-76 (2d Cir. 1999) (stating that the ALJ may decide to discredit a claimant's subjective complaints about impairment); *see also Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (stating that it is the role of the Commissioner and not the reviewing court to assesses the credibility of the claimant and other witnesses, and such assessments shall not be disturbed by a reviewing court as long as they are supported by substantial evidence). Magistrate Judge Smith rightly deferred to the ALJ's credibility determinations, and the Court finds no reason to upset those findings.

### 3. Listing of Impairments

The Report properly finds that the ALJ correctly found that Plaintiff had failed to demonstrate disability per se under the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Appendix 1. Specifically, the Report finds that there was no evidence that the fracture of the radial head of Plaintiff's right elbow had failed to heal, under Section 1.07, and that nothing in the record suggests that Plaintiff suffered from a soft tissue injury under Section 1.08.

The ALJ considered not only Plaintiff's right elbow injury, but all of Plaintiff's injuries when examining the Listing of Impairments. There is nothing in the record that tends to

demonstrate that the ALJ considered the criteria improperly. Accordingly, this Court concurs with the Report's finding that the ALJ properly considered the Listing of Impairments.

   4. *Assessment of Plaintiff's Residual Functional Capacity*

The Report properly finds that the ALJ was correct in determining that Plaintiff could perform a range of light work and was not disabled. The record contains substantial evidence to support the ALJ's findings as to Plaintiff's residual functional capacity. Based on the opinions of Dr. Lathan and Dr. White, the ALJ found that Plaintiff had the residual functional capacity to lift/carry objects less than ten pounds with her right arm, could not perform overhead reaching or activities requiring fine or gross manipulation, and was restricted to only occasional handling.

The ALJ also considered a vocational expert who testified that Plaintiff was unable to return to her past relevant work. Because of the ALJ's finding that Plaintiff did not have the ability to perform the full range of light work, he was unable to make a finding of "not disabled." Thus, the ALJ elicited testimony from the vocational expert through a series of hypothetical situations. In doing so, the expert testified that there were at least two jobs in the national economy that could be performed by Plaintiff. In making the assessment that Plaintiff is not disabled, the ALJ properly considered a variety of factors related to Plaintiff, including age, work experience, and education, along with Plaintiff's residual functional capacity and the testimony of the vocational expert. Plaintiff objects to these findings in the Report, arguing that the vocational expert stated that there were no jobs in the national economy that could be performed by Plaintiff assuming that Plaintiff experienced chronic pain and side effects from medication that would require frequent breaks during the day. The Report was proper in rejecting this argument, however, because the record does not support the limitations suggested in the questions proposed to the vocational expert.

## CONCLUSION

This Court concurs with the Report and Recommendation of Magistrate Judge Smith and therefore adopts it, in its entirety, as the Order of this Court. Accordingly, the Commissioner's motion for judgment on the pleadings is hereby GRANTED, and Plaintiff's cross-motion is hereby DENIED.

SO ORDERED.

May 11, 2013

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE